IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL ANDERSON, KARL JOHNSON, and NANCY VENNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>　　　　　Defendant. | CV F 03-5010 AWI DLB<br><br>ORDER VACATING MAY 16, 2005 HEARING<br><br>ORDER GRANTING MOTION FOR STAY OF ENFORCEMENT<br><br>ORDER DIRECTING DEFENDANT TO FILE A SUPERSEDEAS BOND<br><br>(Document #113) |

## BACKGROUND

On February 23, 2005, the court entered Findings of Fact and Conclusions of Law in this action. On March 18, 2005, the court entered judgment for a total amount of $877,401.

On March 23, 2005, Plaintiffs filed a motion for amendment to the Findings of Fact and a modification of the judgment. Plaintiffs contend that in the court's order the court incorrectly calculated Plaintiff Anderson's damages. On April 26, 2005, the court granted Plaintiff's motion and amended the Findings of Fact and Conclusions of Law to reflect Plaintiff Anderson's correct salary and allow for economic damages for Plaintiff Anderson in the amount of $345,909. On April 26, 2005, the Clerk of the Court entered an amended judgment. Pursuant to the amended judgment, the new judgment totals $991,018.

On April 8, 2005, Defendant filed a motion for stay of enforcement of the judgment and approval of a supersedeas bond. The matter was scheduled for hearing to be held on May 16,

2005. In its motion, Defendant states that it has obtained a bond from National Indemnity Company in the amount of $1,096,751.25, which is 125% of the judgement entered on March 18, 2005.

On April 25, 2005, Plaintiffs filed a response. Plaintiffs state that they have no opposition to Defendant's motion so long as the supersedeas bond is set at 125% of the amended judgment.

On May 10, 2005, Defendant contacted the court. Defendant states that it is willing to post a supersedeas bond that is 125% of the amended judgment.

## DISCUSSION

Rule 62(d) of the Federal Rules of Civil Procedure provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay," subject to exceptions not relevant in this case. Fed.R.Civ.P. 62(d). A party appealing a district court's entry of a money judgment is entitled to a stay of the money judgment as a matter of right if he posts a bond in accordance with Rule 62(d) of the Federal Rules of Civil Procedure. <u>American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.</u>, 87 S.Ct. 1, 3 (1966) (mem.). The district court has discretion to set the amount of a supersedeas bond. <u>Rachel v. Banana Republic, Inc.</u>, 831 F.2d 1503, 1505 n. 1 (9th Cir.1987). "The purpose of a supersedeas bond is to protect the appellees from the risk of a later uncollectible judgment and compensate the appellees from any loss resulting from the stay of execution. <u>N.L.R.B. v. Westphal</u>, 859 F.2d 818, 819 (9th Cir. 1988). Local Rule 65.1-151 provides that a supersedeas bond shall be 125% of the amount of the judgment unless the court orders a different amount.

Defendant has obtained a bond in the amount of $1,096,751.25, which is 125% of the judgment entered on March 18, 2005. Since Defendant filed its motion, the judgment was amended on April 26, 2005 to total $991,018. Thus, Defendant needs to provide a supersedeas bond for 125% of $991,018. In their brief, Plaintiffs state that they have no opposition to a stay if Defendant provides a supersedeas bond based on the April 26, 2005 amended judgment. As

such, the court will grant Defendant's motion on the condition that Defendant provide a supersedeas bond based on the amended judgment.

**ORDER**

Accordingly, the court orders that:

1. The previously set hearing date of May 16, 2005, is VACATED, and no party shall appear at that time
2. Defendant's motion for a stay of enforcement of the judgment pending appeal is GRANTED;
3. The supersedeas bond is APPROVED; and
4. Defendant is DIRECTED to obtain a supersedeas bond in the amount of 125% of the amended judgment and post it with the court by May 18, 2005.

IT IS SO ORDERED.

**Dated:    May 11, 2005**            /s/ **Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE